773 So.2d 818 (2000)
Jason Wade DENNIS and Kristi Ann Dennis
v.
CMH MANUFACTURING, INC., CMH Homes, Inc., et al.
No. 99-1626.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
Writ Denied February 2, 2001.
*819 Joseph Delafield, Attorney at Law, Lake Charles, LA, Counsel for Plaintiffs/Appellees.
Robert McCall and Erin M. Alley, Baggett, McCall, Burgess & Watson, Lake Charles, LA, Counsel for Plaintiff/Appellee.
Keith Richards and Karen Trevathan Richards, Richards Law Firm, APLC, Baton Rouge, LA, Counsel for Defendant/Appellants CMH Manufacturing, Inc., CMH Homes, Inc., et al.
David Hardy, Alan McGlynn, Navratil, Hardy & Bourgeois, Baton Rouge, LA, Counsel for Defendant American Bankers Ins. Co. of Florida.
Henry Yoes, III, Yoes Law Firm, Lake Charles, LA, Counsel for Defendant Consolidated Technology.
(Court composed of Chief Judge NED E. DOUCET, Jr., and Judges GLENN B. GREMILLION, and ELIZABETH A. PICKETT).
PICKETT, Judge.
This case is on remand from the Louisiana Supreme Court for briefing, argument, and opinion. The trial court denied a dilatory exception brought by the Defendants on grounds of prematurity. Defendants sought supervisory writs. We granted the writ on original hearing. Plaintiffs applied for a rehearing before this court. On rehearing, we denied the writ based on the showing made. The defendant sought supervisory writs from the Supreme Court. The writ was granted and the matter remanded to us for briefing, argument, opinion.

Facts
The Dennises bought a mobile home from the Defendant on November 7, 1997. They allege that on September 3, 1998 a service technician came to their house after they found the air conditioner register in the kitchen to be rusted and found water standing in the duct work. The Plaintiffs allege that in spite of numerous efforts to repair the problems the air conditioner continued to leak. Mold and algae grew in the ductwork and the insulation was damages. Further, the Dennises allege that they and their children began to experience respiratory health problems as a result of the air conditioner's defects. Consequently, they filed suit alleging redhibitory defects which entitle them to recission of the sale. Additionally, they allege that as a result of the redhibitory defects, they have suffered mental anguish, and emotional distress as well as physical injuries. The defendants brought an exception of prematurity alleging that the Plaintiffs agreed to submit to arbitration "any and all claims for liability, damages or expenses arising out of or in connection with the home, the contract or any warranties." The trial court found the Dennises never envisioned giving up their right to pursue product liability and/or personal injury claims when they signed the retail closing agreement which contained the arbitration clause. The court further found it contrary to public policy to force Plaintiffs to submit their personal injury claims to arbitration. The trial judge ruled that the personal injury and product liability claim were not subject to the arbitration clause when he denied the exception of prematurity. He found all other claims subject to binding arbitration as agreed to by the contract. CMH sought writs to this court arguing that the trial court erred in denying the requested stay and denying the exception of prematurity *820 as to the Plaintiffs' products liability claims and as to their own defamation claims against the Plaintiffs. We now revisit the issue on remand from the supreme court.

Discussion
The defendants set forth two assignments of error. In their first assignment of error they argue the District Court erred in retaining jurisdiction over the products liability claim of the Dennises against the Clayton defendants and the defamation claim[1] of the Clayton defendants against the Plaintiffs because:
(A) the Dennises and the Clayton defendants had executed an arbitration agreement requiring the submission of "any and all claims" by any of the parties to arbitration, (B) the Dennises voluntarily instituted the arbitration and answered the reconventional demand without objecting to the jurisdiction of the arbitrator to dispose of either the Dennises products liability claim or the Clayton Defendants' defamation claim, and (C) the rules of the entity with which the Dennises instituted the arbitration clearly provide that any issue regarding the scope or validity of the arbitration agreement shall be resolved by the arbitrator, not the District Court.
La. R.S. 9:4201 sets forth as follows:
A provision in any written contract to settle by arbitration a controversy therefore arising out of the contract ... or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract.
The pertinent provision of the contract at issue before this court reads as follows:
Buyer and Retailer hereby enter into the following arbitration agreement:
1. Any and all claims for liability, damages or expenses arising out of or in connection with the home, the contract, or any warranties, representations, or agreements relating thereto (hereinafter referred to as "Claims") shall be resolved through binding arbitration in accordance with the American Arbitration rules before a single arbitrator licensed to practice law in the state in which the home is sold ...
The wording of the agreement clearly states that any and all claims will be settled by arbitration. In accordance with the provisions of La.R.S. 9:4201, therefore, any and all claims which arise from the contract between the parties shall be resolved through binding arbitration. We believe it was clearly anticipated by the parties that this would include any claims regarding defects in the mobile home and encompasses any redhibition claim the Plaintiffs have.
We further find any defamation claim which might exist is subject to arbitration by agreement of the parties. The defendants raised this issue within the arbitration proceeding; there is no record of a defamation claim in the defendant's answer or in a reconventional demand. Therefore, it was not properly before the trial court. Furthermore, Plaintiffs entered no objection to that matter being heard by the arbitrator and, in fact, answered the allegations. Under the clear provisions of La.R.S. 9:4201, therefore, that matter is subject to arbitration by agreement of the parties.
We agree with the trial court, however, that any personal injury claim the plaintiffs might have is not subject to the arbitration agreement contained in the contract. The only disputes subject to arbitration under the provisions of La.R.S. 9:4201 are those "arising out of the contract" or those disputes which exist between *821 parties who agree to submit said disputes to arbitration which are "existing between them at the time of the agreement to submit." The Plaintiff's personal injury claim falls into neither category.
Certainly a personal injury claim is not a claim "arising out of the contract." The Plaintiffs' personal injury claims arose subsequent to the signing of the contract. These claims did not exist at the time the contract was signed. Further, nothing in this record reflects that the Plaintiffs have agreed to submit their personal injury claims to arbitration. While we agree with the pronouncements of our supreme court and various courts of appeal that arbitration is favored in that it affords a speedy and effective remedy to resolving disputes, those pronouncements do not suggest that parties are required to contract for arbitration of personal injury cases prior to the cause of action arising.
The Defendant argues to the contrary. The Defendant maintains that Plaintiffs submitted their claims against both CMH Homes, Inc., and CMH Manufacturing, Inc., for arbitration on February 22, 1999. This is not, however, reflected in the record. The record does reflect that on that date the plaintiffs submitted a Demand For Arbitration against both above named Defendants. Nowhere in that document, however, is it specified this includes the Plaintiffs claim for personal injuries. Nowhere is it stated that the demand for arbitration includes all claims. Accordingly, we find the trial court was correct in determining the personal injury claim not subject to arbitration and within the jurisdiction of the district court. Appellants have not demonstrated to this court that Appellees have in any way agreed to submit their personal injury claims to arbitration.
In their second assignment of error the Defendants argue this court erred in granting the Plaintiffs Application For Rehearing. Considering the present posture of the case, we find this issue to be moot.

Conclusion
We find the trial court erred in denial of the exception of prematurity as it relates to any defamation claim which might exist. The trial court was correct in denying said motion as to the personal injury claim, as it is not subject to the arbitration agreement.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] We note that the record contains no answer or reconventional demand whereby the Defendants make a claim for defamation. However, the claim was discussed at the hearing on the exception.