NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0298

CRYSTAL SMITH, ET AL.

VERSUS

CAPPAERT MANUFACTURED HOUSING, INC., ET AL.

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2005-7412,
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Chief Judge Ulysses Gene Thibodeaux and Judges Jimmie C. Peters and J. David Painter.

AFFIRMED.

Fred A. Pharis
Attorney at Law
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
COUNSEL FOR PLAINTIFFS/APPELLEES:
	Crystal Smith, et al.

Walter K. Jamison, III
Marjorie B. Breaux
Attorneys at Law
303 W. Vermilion, Suite 210
Lafayette, LA 70501
(337) 234-7000
COUNSEL FOR DEFENDANT/APPELLANT:
	Cappaert Manufactured Housing, Inc.

**SUMMARY DISPOSITION**

PETERS, J.

The appeal arises from a suit in redhibition and for property and personal injury damages filed by a number of plaintiffs against Cappaert Manufactured Housing, Inc., Chatelain's Bayou Housing, Inc., and Ed's Mobile Homes, Inc. The manufacturer of the homes at issue, Cappaert Manufactured Housing, Inc., appeals the trial court's denial of its dilatory exception of prematurity, which exception was based on an assertion that the claims were required to first be submitted to arbitration.

We affirm the judgment below for the reasons set forth in the trial court's written reasons for judgment, which we quote in part and adopt as our own as follows:

> In this proceeding, defendant Cappaert contends that plaintiffs' claims are premature because they are subject to a binding arbitration agreement. . . .
>
> It is apparent that nine of the homes that are the subject of this lawsuit were manufactured by Cappaert.
>
> It is apparent that the claimants, Donnie Chesne, Leroy and Brenda Lemoine, Kevin and Charlotte Dauzat, Betty Chesne, Marcus Daigrepont and Crystal Smith signed "Binding Arbitration Agreements" in connection with the purchase of their mobile homes. It is also apparent that Gary and Barbara Thronson, and Rodney and Judy St. Romain did not sign such arbitration agreements. Plaintiff, Will Doucet[,] signed a registration card that referred to binding arbitration. All of these claimants purchased their mobile homes from Chatelain's Bayou Housing, Inc., with the exception of Rodney and Judy St. Romain, who purchased their home from Ed's Mobile Homes Inc.
>
> The parties have stipulated, and testimony established, that no representative from Cappaert, (including Ms. Dianne Wright who pre-signed the arbitration agreements on behalf of Cappaert), was present at any of the sales in question.
>
> The parties also stipulated that warranty and non-warranty items in each home were repaired pursuant to the Homeowner's Manu[a]l.
>
> . . . .
>
> Cappaert comes before the court with a Dilatory Exception of Prematurity, arguing that many of the plaintiffs' claims are premature because they are subject to binding arbitration agreements. However, the plaintiffs argue that the Third Circuit Court of Appeals has recently addressed this issue in their favor. In a string of cases, the Third Circuit

held that arbitration agreements signed pursuant to the purchase of a mobile home do not necessarily apply to personal injury claims and may be entirely void in some situations. See *Dennis v. CMH Manufacturing, Inc. CMH Homes, Inc. et al.*, 99-1626 (La. App. 3 Cir. 11/2/00); 773 So.2d 818[, *writ denied*, 00-3325 (La. 2/2/01), 784 So.2d 645]; *Rodriguez v. Ed's Mobile Homes of Bossier City, La.*, 04-1082, (La. App. 3. Cir. 12/8/04), 889 So.2d 461[, *writ denied*, 05-83 (La. 3/18/05), 896 So.2d 1010], and *Abshire v. Belmont Homes Inc.*, [04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458].

In *Dennis*, the plaintiffs purchase[d] a mobile home, and pursuant to their purchase, signed an arbitration agreement agreeing to arbitrate "any and all claims." The plaintiffs later attempted to bring redhibition and personal injury claims attributable to mold and algae that grew inside of the ductwork in their homes. The Third Circuit held that while the arbitration agreement was valid as to the redhibition and manufacturing claims because they arose out of the contract or existed between the parties when they signed the agreement to submit, the plaintiffs' personal injury claims were not subject to the arbitration agreement because they did not arise out of the contract and did not exist when they signed the arbitration agreement.

In *Rodriguez*, the court held that the entire arbitration agreement was invalid due to lack of consent. The court noted that the plaintiffs felt that they had to sign the agreement to purchase the home, an assumption that was incorrect and of which the manufacturers should have been aware. Additionally, plaintiffs testified that when they signed the original agreement and made their down payment, no one mentioned an arbitration agreement; only later were they told that they had to sign this "legal stuff" to receive their trailer. *Id.* at 464. Further, the court found that the manufacturer "knew or should have known that the arbitration agreement [could not] be part of the consideration of the original contract. A party cannot[,] unilaterally, assign additional consideration for the perfection of a sale." *Id.*

The Third Circuit most recently spoke out against the validity of "Binding Arbitration Agreements" in *Abshire*. In *Abshire,* the court again held that the arbitration agreement, signed by the buyers, was also invalid for lack of consent. Specifically, the court said:

> Although the plaintiffs signed the arbitration agreement at the same time as they signed the purchase agreement, there is no evidence that the arbitration agreement was part [of] the consideration of the original purchase agreement. In any event, as in *Rodriguez*, Belmont Homes, the third[-]party manufacturer who was not a party to the purchase agreement, could not unilaterally assign additional consideration for the perfection of the sale. Additionally, the provision of a warranty by Belmont Homes has not been shown to constitute cause or consideration for the arbitration agreement because La. R.S. 51:911.25 provides

mandatory warranty rights in connection with manufactured homes, and Belmont Homes has failed to show that its warranty provided the plaintiffs with even greater rights than provided in La. R.S. 51:911.25. Importantly, under La. R.S. 51:911.25(C), a 'buyer may not waive his rights under this Part and any such waiver is hereby prohibited as contrary to public policy and shall be unenforceable and void.' *Id.* at 285.

Cappaert asserts that *Dennis* and its progeny should not be applied in the case at bar because they are negatively impacted by *Aguillard v. Auction Management Corp.*, [04-2804, 04-2857 (La. 6/29/05), 908 So.2d 1], a case that encourages the upholding of binding arbitration agreements. This court disagrees. In *Aguillard*, the Louisiana Supreme Court held that the Third Circuit incorrectly determined that an arbitration clause was adhesionary, and specifically abrogated those cases in the Circuit courts that reached the same conclusion. *Dennis*, *Rodriguez*, and *Abshire* were not discussed or even mentioned in *Aguillard*. This court believes that if the Supreme Court had intended to abrogate the *Dennis*, *Rodriguez*, and/or *Abshire* [cases], they would have explicitly done so. Further, these cases can be distinguished from *Aguillard* because the arbitration agreements in *Dennis*, *Rodriguez*, and *Abshire* were held to be invalid for reasons other than adhesion. While there is no mention of adhesion in *Dennis*, *Rodriguez* specifically holds that the arbitration agreement in that case is invalid due to lack of the purchasers' consent, rather than adhesion as the trial court had held. Additionally, in *Abshire*, the Third Circuit specifically chose not to address the issue of adhesion, as the contract was invalid on other grounds.

It is this court's conclusion that these cases have not been affected by *Aguillard*; they bear factual and legal similarities to the case at bar, and there is no doubt that they are controlling.

All of the plaintiffs specifically mentioned above also testified at the hearing. Their testimony revealed that, with the exception of Crystal Smith, none of the plaintiffs who signed the arbitration agreements read them. This court acknowledges that, based in part on the Louisiana Supreme Court's ruling in *Aguillard*, a claimant cannot argue that an arbitration agreement bearing the party's signature is invalid because the party failed to read the document. However, the claimant's errors of consent in the case at bar go far beyond that fact.

All claimants testifying said there was no representative of Cappaert present when plaintiffs signed the agreements, and again with the exception of Ms. Smith, all stated that there was no discussion of the arbitration agreement during the sale. At the hearing, Ms. Sue Chatelain, owner of Chatelain's Bayou Housing, Inc., testified while she discussed arbitration with some of the plaintiffs, she had no recollection of which plaintiffs she discussed the matter with or what she told them. However, according to Ms. Chatelain's own testimony, she does not exactly know what arbitration means, as it has never been fully

3

explained to her. Thus, this court finds that even if Ms. Chatelain had discussed arbitration with any of the clients, such discussion would not have been sufficient given Ms. Chatelain's admitted vague understanding of the concept.

Testimony by Mr. Harold M[o]user, a consultant representative for Cappaert, proved that the warranty provisions in the contracts in the case at bar do not constitute any additional cause or consideration for the arbitration agreements, because as in *Abshire*, Cappaert merely provided a standard warranty as required by Federal law that affords the purchaser with no additional rights. Mr. M[o]user testified that Cappaert provides a standard one year warranty, in connection with the sale of their manufactured homes, as required by Federal Law. He also testified that no plaintiff paid for any of the warranty work performed, and that Cappaert does not require that an arbitration agreement be signed before they make repairs to a home because Federal Law does not require it.

In the case at bar, it is evident that there were errors of consent by each claimant purchaser who signed the arbitration agreement. This lack of consent makes the arbitration agreements invalid in each instance where they were signed, as dictated by *Dennis*, *Rodriguez*, and *Abshire*.

Also, as previously noted, Mr. Thronson and the St. Romains did not sign arbitration agreements. Thus, their claims are not subject to arbitration and can also be heard by this Court without first having [to] submit to arbitration. Further, Will Doucet testified that he did not sign an arbitration agreement; rather, he signed a registration card which refers to binding arbitration. Doucet testified that arbitration was never explained to him and he did not intend to enter into a binding arbitration agreement. For reasons discussed above, this too is invalid for lack of consent, and Mr. Doucet's claims may also be heard by this court without first being submitted to arbitration.[1]

For reasons assigned, this court is convinced that the plaintiffs' suit is not premature, as they are not required to first submit to arbitration. Consequently, Cappaert's Exception of Prematurity is denied.

This case is controlled by the jurisprudence as set forth in the trial court's written reasons for judgment. Because we find no manifest error in the trial court's factual findings and no error of law in its legal conclusions, we affirm the judgment below in all respects.

**DISPOSITION**

---

[1]See also *St. Romain v. Cappaert Manufactured Housing, Inc.*, 05-140 (La.App. 3 Cir. 6/1/05), 903 So.2d 1186.

For the foregoing reasons, we affirm the judgment below and assess costs of this appeal to Cappaert Manufactured Housing, Inc.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2-16.3.

We affirm the judgment below in a summary disposition in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(2),(5), (6), and (8).